P. Thomas **KOLFENBACH**, Plaintiff,

v.

John M. **MANSOUR** and William P. Doucas, Defendants.

No. 98–6179–CIV.

United States District Court, S.D. Florida, Miami Division.

Feb. 8, 1999.

Pedro J. Martinez Fraga, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, for plaintiff.

Robert A. Milne, Roth, Milne & Rousso, Miami, FL, Peter J. Yanowitch, Yanowitch Law Center, Miami, FL, for defendant.

## OMNIBUS ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon: (1) Defendant William P. Doucas's Motion to Dismiss Count II of Plaintiff's Complaint (DE # 12, filed April 17, 1998); and (2) Defendant William P. Doucas's Motion for Rule 11 Sanctions (DE # 38, filed July 21, 1998). Responses and Replies have been filed.

### I. Background

Plaintiff P. Thomas Kolfenbach alleges that Defendants made and failed to honor various promises and agreements related to the sale of Plaintiff's interest in Sun Jet International, Inc., an airline charter service owned by Plaintiff. Based on these allegations, Plaintiff filed a twelve-count Complaint on February 23, 1998, bringing claims for securities fraud, federal RICO violations, fraud in the inducement, fraud, negligent misrepresentation, breach of contract, unjust enrichment, quantum meruit, breach of fiduciary duty, and conversion. On August 27, 1998, this Court dismissed with prejudice Defendant John M. Mansour pursuant to a Notice of Voluntary Dismissal filed by Plaintiff on August 26, 1998. Only Defendant William P. Doucas remains.

### II. Defendant William P. Doucas's Motion to Dismiss Count II of Plaintiff's Complaint

In Count II of his Complaint, Plaintiff alleges that Defendant Doucas violated 18 U.S.C. § 1962, the civil RICO statute. Defendant Doucas seeks to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Congress amended 18 U.S.C. § 1964(c) through the Private Securities Litigation Reform Act of 1995 ("1995 Reform Act") to specifically bar civil RICO claims arising from alleged securities fraud. Section 1964(c) was amended to state: "[N]o person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962."[1] Plaintiff does not dispute the general validity of Section 1964(c), but argues in response that application of Section 1964(c) to the specific facts of his case would be an impermissible retroactive application of the statute.[2]

The Eleventh Circuit has not yet addressed the issue of whether Section 1964(c) may be applied retroactively.[3] In the absence of direct authority, this Court, guided by the Supreme Court's decision in *Landgraf v. USI Film Products*,[4] holds that application of Section 1964(c) to the facts of this action does not constitute an impermissible retroactive application of the 1995 Reform Act, and therefore Count II should be dismissed as barred by Section 1964(c)'s prohibition on securities fraud-based civil RICO claims.

■ In *Landgraf*, the Supreme Court articulated a two-step analysis for determining

---

1. 18 U.S.C.A. § 1964(c) (1998) (West).

2. The allegedly violatory conduct occurred before December 22, 1995, the date the 1995 Reform Act became effective.

3. The issue of retroactivity in this context is novel in other circuits as well. Aside from the Third Circuit's decision in *Mathews v. Kidder, Peabody & Co.*, 161 F.3d 156 (3d Cir.1998), only a few district courts have addressed the issue. *See ABF Capital Management v. Askin Capital Management*, 957 F.Supp. 1308 (S.D.N.Y.1997);

*Reading Wireless Cable Television Partnership v. Steingold*, No. CV–S–95–785DWH(LRL), 1996 WL 741432 (D.Nev. July 30, 1996); *Rowe v. Marietta Corp.*, 955 F.Supp. 836 (W.D.Tenn. 1997); *District 65 Retirement Trust for Members of Bureau of Wholesale Sales Representatives v. Prudential Sec., Inc.*, 925 F.Supp. 1551 (N.D.Ga. 1996); *In re Prudential Sec., Inc.*, 930 F.Supp. 68 (S.D.N.Y.1996); *Baker v. Pfeifer*, 940 F.Supp. 1168 (S.D.Ohio 1996).

4. 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

the retroactive applicability of new statutes. The Court stated that:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.[5]

Therefore, according to the *Landgraf* analysis, this Court should first determine whether there is language in Section 1964(c) or the 1995 Reform Act that expressly prescribes the temporal reach of Section 1964(c). If there is such language, then this Court merely has to determine whether the facts of this action come within that reach. If there is no such language, then this Court must move on to the second step in the *Landgraf* analysis. That is, it must determine whether application of Section 1964(c)'s bar on securities fraud-based civil RICO claims would have "retroactive effect," defined in *Landgraf* as either (1) impairing rights possessed by a party when he acted, (2) increasing a party's liability for past conduct, or (3) imposing new

duties with respect to transactions already completed.[6]

An examination of the text of Section 1964(c) reveals no statement as to the temporal applicability of that provision.[7] Therefore, the Court must determine whether retroactive application of Section 1964(c) constitutes "retroactive effect" as defined by *Landgraf*. Plaintiff argues that he possessed a right to bring a civil RICO claim when the allegedly violatory conduct occurred, and that retroactive application of Section 1964(c) to his claim would impair that right.[8]

Plaintiff's arguments as to the impairment of rights is fatally flawed. There is a difference between extinguishing some amorphous possibility of bringing a claim, and the right to pursue a claim once brought. Those courts holding that a retroactive application of Section 1964(c) would have retroactive effect under *Landgraf* addressed cases where civil RICO claims were already *pending* at the time the 1995 Reform Act became effective.[9] That is, the right to bring a securities fraud-based civil RICO suit had "vested" when the plaintiffs filed suit before the 1995 Reform Act became effective, and thus those courts faced the issue of extinguishing claims already filed. Indeed, the very case relied on by Plaintiff specifically held that the right at issue in a *Landgraf* analysis was the right to bring a civil RICO claim "at the time th[e] lawsuit was filed;"[10] the Third Circuit, in affirming that decision, stated that "[w]e hold

---

5. *Id.* at 280, 114 S.Ct. 1483.

6. *See id.* It is important to distinguish between retroactive *application* and *Landgraf*-defined retroactive *effect*. The term "retroactive effect" refers not to the actual application of a new statute to previous conduct, but rather whether such application would have substantive effect, i.e., impermissibly impair rights, increase liability, or impose new duties.

7. Other courts examining this issue have uniformly concluded that there is no language in the statute either permitting or forbidding retroactive application of Section 1964(c). *See e.g., Mathews,* 161 F.3d at 162 ("[T]here is no express prescription in the statute directing application of the RICO Amendment prospectively or retrospectively."); *District 65 Retirement Trust,* 925 F.Supp. at 1570 ("Congress's intent is not clearly stated."); *In re Prudential Sec., Inc.,* 930 F.Supp. at 77 ("It is silent on the question of whether the Act applies only prospectively to actions brought

under civil RICO or retroactively as well."); *Baker,* 940 F.Supp. at 1176 ("The RICO Amendments themselves do not address their prospective or retrospective applicability.").

Some courts have attempted to divine congressional intent from the 1995 Reform Act's legislative history. *See, e.g., ABF Capital Management,* 957 F.Supp. at 1320. This Court declines to follow that analytical route; *Landgraf* clearly states that retroactive intent must be "expressly prescribed." *Landgraf,* 511 U.S. at 280, 114 S.Ct. 1483.

8. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 11.

9. *See Mathews,* 161 F.3d 156; *District 65 Retirement Trust,* 925 F.Supp. 1551; *In re Prudential Sec.,* 930 F.Supp. 68; *Baker,* 940 F.Supp. 1168.

10. *Mathews v. Kidder, Peabody & Co.,* 947 F.Supp. 180, 186 (W.D.Pa.1996).

that the RICO Amendment of the Private Securities Litigation Reform Act does not apply to *cases pending at the time the Act was enacted.*[11] If there was ever a right embodied in a securities fraud-based civil RICO cause of action, it was only the right to pursue a claim that had already been filed *before* the 1995 Reform Act came into effect. Plaintiff has offered no authority to support the proposition that there is an inviolable right to preserve the mere possibility of bringing a claim.[12] The Court holds that retroactive application of Section 1962(c) to Count II of Plaintiff's Complaint will not have retroactive effect because the Complaint was filed after the 1995 Reform Act became effective, and therefore Count II of Plaintiff's Complaint is dismissed.[13]

### III. Defendant Doucas's Motion for Rule 11 Sanctions

■ Defendant Doucas also moves for sanctions against Plaintiff and Plaintiff's counsel under Rule 11 of the Federal Rules of Civil Procedure. The only issue is Defendant Doucas's contention that it was a sanctionable offense for Plaintiff' counsel to file the Count II civil RICO claim and force Defendant to defend against it when, according to Defendant Doucas, "the most rudimentary research of the matter" would have revealed that securities fraud-based civil RICO claims were barred after 1995.[14] However, as the Court's discussion in Part II *supra* suggests, the issue of retroactivity with regard to 18 U.S.C. § 1964(c) is not entirely settled. The Court holds that neither Plain-

tiff nor Plaintiff's counsel should be sanctioned for advancing claims subject to disputed interpretations of law.

### IV. Conclusion

Based on the foregoing, it is ORDERED AND ADJUDGED that:

1. Defendant William P. Doucas's Motion to Dismiss Count II of Plaintiff's Complaint (DE # 12, filed April 17, 1998) is GRANTED. Count II ONLY of Plaintiff's Complaint is DISMISSED.

2. Defendant William P. Doucas's Motion for Rule 11 Sanctions (DE # 38, filed July 21, 1998) is DENIED.

DONE AND ORDERED.

**11.** *Mathews,* 161 F.3d at 171 (emphasis added). The Southern District of New York relied on this distinction to hold that retroactive application would not have any *Landgraf* retroactive effect. "[T]he question is not whether the Reform Act applies to a case pending at the time of enactment, but whether it applies to a complaint filed after the enactment." *ABF Capital Management,* 957 F.Supp. at 1321.

**12.** If anything, the case law states that there is no such right. *See, e.g., Ducharme v. Merrill National Lab.,* 574 F.2d 1307, 1309–10 (5th Cir.1978) ("[A] plaintiff has no vested right in any tort claim for damages under state law."); *Hyundai Merchant Marine Co. v. United States,* 888 F.Supp. 543, 551 (S.D.N.Y.1995) ("A cause of action ... is inchoate and affords no definite or enforceable property right until reduced to final judgment.").

**13.** The Court takes this opportunity to note that Plaintiff will not be left without a remedy. Plaintiff has eleven other non-RICO counts that he can pursue against Defendant Doucas. The "abolition of non-vested rights is especially innocuous if ... one remedy is substituted for another." *Keller v. Dravo Corp.,* 441 F.2d 1239, 1242 (5th Cir.1971). Indeed, the rationale behind the 1995 Reform Act's bar on securities fraud-based civil RICO claims was Congress's determination that permitting both federal securities claims and civil RICO claims was duplicative and the source of litigational abuse. *See Mathews,* 161 F.3d at 164 ("It is clear from the legislative history that the intention behind the RICO amendment was to address a significant number of frivolous actions based on alleged securities law violations." (citations and internal quotations omitted)).

**14.** *See* Def.'s Mot. for Rule 11 Sanctions at 6.